# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| THE RECEIVERSHIP ESTATE OF AUDIENCESCIENCE INC. and REVITALIZATION PARTNERS, L.L.C., *As General Receiver for The Receivership Estate of AudienceScience Inc.*,<br><br>                Plaintiffs,<br>v.<br><br>GOOGLE LLC and YOUTUBE, LLC,<br><br>                Defendants. | Case No. 6:21-cv-1209-ADA<br><br>Jury Trial Demanded<br><br>**PUBLIC VERSION** |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(A) (ECF NO. 47)**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................... 1

LEGAL STANDARD ....................................................................................................... 1

ARGUMENT ..................................................................................................................... 2

    I.    The Court Should Discount Defendants' Venue Evidence Due to Defendants' Failure to Comply with the Court's Discovery Order and Their Material Misrepresentation to the Court 2

        a.    Defendants Violated the Court's Order .......................................................... 3

        b.    Defendants Misrepresented to the Court that it has No Vendors in this District............ 5

        c.    Defendants have a History of Venue Discovery Abuse................................... 6

    II.    The Convenience Transfer Factors Weigh Against Transfer ............................................ 8

        a.    Relative Ease of Access to Sources of Proof Weighs Against Transfer......................... 8

            i.    Defendants should not be rewarded for hiding proof in this District. ....................... 8

            ii.    Defendants failed to meet their heavy burden. ......................................................... 11

        b.    Cost of Attendance for Willing Witnesses Weighs Against Transfer .......................... 12

        c.    Compulsory Process Weighs Against Transfer ............................................................. 13

        d.    Court Congestion Weighs Against Transfer ................................................................. 13

        e.    Local Interest is Neutral................................................................................................. 14

CONCLUSION ................................................................................................................ 14

# TABLE OF AUTHORITIES

**Cases**

*Arigna Tech. Ltd. v. Samsung Elecs. Co.*,
  No. 6:21-cv-00943-ADA, at p.6 (W.D. Tex. July 20, 2022) ...................................... 8

*EcoFactor, Inc. v. Google LLC*,
  No. 6-20-CV-00075-ADA, 2021 WL 1535413 (W.D. Tex. Apr. 16, 2021) ........................... 11

*Express Mobile, Inc. v. Google LLC*,
  No. 6-20-cv-00804 (WDTX) ...................................................................... 9

*Gentex Corp. v. Meta Platforms, Inc.*,
  No. 6:21-cv-00755-ADA, 2022 WL 2654986 (W.D. Tex. July 8, 2022) ............................. 14

*In re Genentech*,
  566 F.3d 1338 (Fed. Cir. 2009) .............................................................. 14

*In re Hoffmann-La Roche Inc.*,
  587 F.3d 1333 (Fed. Cir. 2009) .............................................................. 14

*In re Volkswagen AG*,
  371 F.3d 201 (5th Cir. 2004) ............................................................. 2, 14

*In re Volkswagen of Am., Inc.*,
  545 F.3d 304 (5th Cir. 2008) ............................................................. 2, 11

*Personalized Media Commc'ns., Inc. v. Google LLC*,
  No. 2:19-cv-00090-JRG, 5 n.1 (E.D. Tex. July 16, 2020) ....................................... 7

*Piper Aircraft Co. v. Reyno*,
  454 U.S. 235 (1981) .......................................................................... 2

*QR Spex, Inc. v. Motorola, Inc.*,
  507 F. Supp. 2d 650 (E.D. Tex. 2007) ......................................................... 2

*Rockstar Consortium US LP v. Google Inc.*,
  No. 2:13-CV-893-JRG-RSP, 2014 WL 4748692 (E.D. Tex. Sept. 23, 2014) .......................... 8

*Scramoge Tech. Ltd. v. Apple Inc.*,
  No. 6:21-cv-00579-ADA, 2022 WL 1667561 (W.D. Tex. May 25, 2022) ........................... 9, 11

*Super Interconnect Techs. LLC v. Google LLC f/k/a Google Inc.*,
  No. 6-21-cv-00259 (WDTX) ..................................................................... 9

*Super Interconnect Techs. LLC v. Google LLC*,
  No. 2-21-cv-00414 (EDTX) ..................................................................... 9

*Super Interconnect Techs. LLC v. Google LLC*,
 No. 4-21-cv-08706 (NDCA) ........................................................................................... 9

*Touchstream Techs., Inc. d/b/a Shodogg v. Google, LLC f/k/a Google Inc.*,
 No. 6-21-cv-00569 (WDTX) ........................................................................................... 9

*Vedanti Licensing Ltd., LLC v. Google LLC et al*,
 No. 20-cv-1344 (SDCA) ................................................................................................. 9

*Vedanti Licensing Ltd., LLC v. Google LLC et al.*,
 No. 5-21-cv-01643 (NDCA) ........................................................................................... 9

*Vocalife LLC v. Google LLC f/k/a Google Inc.*,
 No. 2-21-cv-00124 (EDTX) ............................................................................................ 9

**INTRODUCTION**

Plaintiffs The Receivership Estate of AudienceScience Inc. and Revitalization Partners, L.L.C. et al. (collectively "Plaintiffs") respectfully file this response to Defendants Google LLC's and YouTube, LLC's (collectively, "Defendants") Motion to Transfer Venue ("Motion"). Defendants have not complied with the venue discovery dispute order; appear to have made a material misrepresentation to the Court at the venue discovery dispute hearing held on June 6, 2022; and ultimately fail to carry the heavy burden of demonstrating that the Northern District of California ("NDCA") is a clearly more convenient venue. Defendants' repeated lack of transparency during venue discovery severely prejudices Plaintiffs' ability to argue against transfer. Defendants should not benefit from their misrepresentations and violation of the discovery order.

Conversely, through conducting venue discovery, Plaintiffs have identified many sources of proof and relevant witnesses in this District despite never receiving Defendants' full cooperation. Defendants repeatedly delayed the venue discovery process by offering unresponsive information in piecemeal, and, even as of now, Defendants still have not provided complete, substantive responses to Plaintiffs' venue discovery requests. In its transfer motion, Defendants take a brazen but unfounded position in arguing that all factors weigh in favor of transfer or are neutral. That is simply not true. Defendants neglect to acknowledge the reality that Google has an office with over [REDACTED] employees in the Western District of Texas ("WDTX") and that there are many sources of proof and relevant witnesses in this District. On balance, the relevant factors weigh against transfer, and the case should remain before this Court. It is evident that Defendants cannot carry the heavy burden of proving transfer, and Defendants' Motion should be denied.

**LEGAL STANDARD**

The party moving for transfer carries the burden of showing good cause. *In re Volkswagen*

*of Am., Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) [hereinafter *Volkswagen II*] ("When viewed in the context of §1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must . . . clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" (quoting 28 U.S.C. §1404(a)); *see also QR Spex*, *Inc. v. Motorola, Inc.*, 507 F. Supp. 2d 650, 664 (E.D. Tex. 2007) (movant's burden under §1404(a) is "heavy").

This Court will consider both private and public factors. The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) [hereinafter *Volkswagen I*] (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or the application of foreign law." *Id.* "[W]hen the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Volkswagen II*, 545 F.3d at 315.

**ARGUMENT**

**I.    The Court Should Discount Defendants' Venue Evidence Due to Defendants' Failure to Comply with the Court's Discovery Order and Their Material Misrepresentation to the Court**

Defendants have improperly blocked Plaintiffs' discovery into witnesses and documents in this district by concealing material information that would undermine their motion to transfer. After Defendants failed to respond sufficiently to Plaintiff's First Set of Venue Interrogatories (Ex.

A[1]), the Court ordered Defendants to supplement their responses to Interrogatories Nos. 1, 3, and 4. Ex. B at 9. Defendants violated the Court's order relating to Interrogatory No. 3. With regard to Interrogatory No. 2, the Court denied Plaintiffs' motion based on Defendants' misrepresentations at the hearing and in the papers that Defendants did not have any vendors in the Western District of Texas. *Id*. at 6-7, 9.

### a. Defendants Violated the Court's Order

The Court ordered that "Defendants shall identify **all documents** and servers in the State of Texas that touch **in any way on the Accused Products <u>or</u> Accused Functionalities**" in response to Interrogatory No. 3 Ex. B at 9 (emphasis added). The Accused Products include YouTube, YouTube Music, and Gmail because those products select advertisements for inclusion in requested content. The Accused Functionalities include advertising. Defendants did not comply with the Court's order. ███████████████████████████████████████

███████████████████████████████████████

██████ Instead, Defendants ███████████████████████████

███████████████████████████████████████." Ex. C at 19.

Rather than complying with the exact language of the Court's order, Defendants apparently limited their response to a subset of documents regarding the Accused Products. In their second supplemental response, Defendants identified "███████████████████████

███████████████████" and stated that they "███████████████

███████████████████████████████████" Ex. C at

---

[1] All Exhibits are to the Declaration of Robert Y. Xie, filed concurrently with this Opposition.

3

16, 19 (emphasis added). Defendants' response is apparently limited to accused functionality *of* / *in* the accused products, which is directly at odds with the Court order's broader language "Accused Products **or** the Accused Functionalities." Ex. B at 9 (emphasis added).

It is not credible that there are zero documents in Texas that "touch in any way" on Defendants' core businesses of advertising, YouTube, YouTube Music, or Gmail. It is not credible that the ▮▮▮ employees in Google's Austin office do not have access to, or possession of, *any* relevant documents. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. D at 23:8-10 ("▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"); Ex. E at 19:11-13 ("▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"). Further, Google hosts and operates servers with YouTube content as well as its own content in Texas. It is not credible to believe or contend that there are no documents associated with Google and YouTube's relevant operations in Texas. Moreover, Google's website identifies vendor partners in this District who help Google sell advertising relevant to this case. Ex. F; (see ¶ I(b) below). It is not credible to believe or contend that there are no documents in Texas relating to Google's work with these advertising vendors.

Defendants' failure to identify the location of documents and in turn relevant witness custodians in violation of the Court's order prejudices Plaintiffs' ability to respond to the motion to transfer. This discovery is directly relevant to the following factors: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) the local interest in having localized interests decided at home. Because much of the relevant information is in the hands of Defendants, their refusal to provide relevant discovery deprives Plaintiffs of a fair opportunity to oppose the motion using evidence that would support Plaintiffs' opposition. Therefore, the Court

should discount the Defendants' evidence relating to these four factors.

> **b. Defendants Misrepresented to the Court that it has No Vendors in this District**

In opposing Plaintiffs' discovery dispute on Interrogatory No. 2, it appears that Defendants made a material misrepresentation to the Court that they have no relevant vendors in the District, which the Court relied on when denying Plaintiffs' motion. Ex. B at 9. Interrogatory No. 2 requests information regarding "… every **vendor** and customer of Defendants who is involved in the … **marketing, sales**, financial functions and/or procurement of the **Accused Products or Accused Functionalities** and who resides and/or works in" this District. Ex. A at 10 (emphasis added).

In opposing Plaintiffs' discovery motion, Defendant told the Court that "Defendants have not identified any vendors or customers in the Western District of Texas who worked on the Accused Products." Ex. B at 7. Defendants reiterated this misrepresentation at the hearing in response to a question from the Court:

[redacted]

Ex. G (6-6-22 Hearing Tr.) at 32:14-21 (emphasis added).

The accused products and functionalities in this case includes Google advertising. Google's own website identifies more than 10 vendors (called "Google Partners") in this District that "set up and optimally run Google Ads campaigns to achieve the greatest results for [their] clients." [2] Vendors in this District include Adswerve, Search Discovery LLC, Brainlabs USA, PMG, Hearts & Science, Nehmedia.com, TastyPlacement, and Springbox.[3] Defendants' failure to identify all

---

[2] Ex. H, https://support.google.com/google-ads/answer/9702452?hl=en.
[3] Adswerve is an Austin-based media and analytics company that uses data discovery to help clients create insightful marketing strategies; Search Discovery, LLC is an Austin-based Google

of their third party vendors relevant to this litigation severely prejudices Plaintiff's ability to identify relevant witnesses in the District, the location of relevant documents in the District, and the local interest in the District. Although Plaintiffs eventually identified several relevant vendors, only Defendants know how many more vendors in the District were not disclosed in discovery, and most of the responsive information relating to vendors is exclusively in the hands of Defendants. Defendants' refusal to provide the relevant discovery deprives Plaintiffs of a fair opportunity to oppose the motion by withholding relevant evidence that would support Plaintiffs' opposition. Therefore, the Court should discount Defendants' evidence with regard to the following factors: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) the local interest in having localized interests decided at home.

### c. Defendants have a History of Venue Discovery Abuse

Improper venue discovery behavior appears to be Google's *modus operandi*. Courts have recognized that Google has repeatedly withheld information from litigants and the Court. In a decision relating to venue, another Court recognized that Google was not candid and had failed to disclose its vendors in the district, just as Google has done in this case:

> … *In re Google* was argued before the Federal Circuit. . . . Judge Evan Wallach's concurrence makes it clear that **Google was asked 'what do you do in the Eastern District?' Google's response was 'what Google does in the District will depend on what the subject of that verb is.'** In re Google, 949 F.3d at

---

partner that sells and services products across the Google Marketing Platform and Google Cloud Platform; Brainlabs USA is a Texas-based digital marketing agency, PPC technology provider, and Google Marketing Platform Sales Partner; PMG is an Austin-based global independent digital company; Hearts & Science is a Dallas-based, data-driven marketing agency; Nehmedia.com is an Austin-based full service digital agency; TastyPlacement is an Austin-based company that leverages all forms of digital marketing and technology to deliver customers to a wide range of businesses from the local stage to the Inc 500; and Springbox is an Austin-based digital agency focused on driving actionable results for digital partners. Ex. F, https://marketingplatform.google.com/about/partners/find-a-partner.

1348. **Both the ISA [agreement] and the SOW [agreement] between Google and [vendor] CTDI existed and were operative when Google gave that answer to Judge Wallach**. During the argument on the present Motions before this Court, PMC argued:

> . . . I think Your Honor may be asking yourself the question, well, if venue as to CTDI is so straightforward, how come PMC . . . is the first party that's come to Your Honor and argued venue as to CTDI? Certainly Super Interconnect did not. And the answer to that question is **Google hides [vendor] CTDI**. That's the answer to the question. They hide it obviously to customers. Customers have no idea CTDI is out there, and as a result, litigants don't know it's out there, and **they do a pretty good job of hiding it in discovery**.

> …. These recitals raise **serious questions about the candor of Google and its counsel with the Circuit Court and serious questions about their good-faith compliance with their discovery and disclosure obligations before the trial court**. While this opinion is not the place to resolve such questions, they are **serious enough to be identified** herein, even if their ultimate resolution must wait for another day.

Memorandum Opinion and Order, *Personalized Media Commc'ns., Inc. v. Google LLC*, No. 2:19-cv-00090-JRG, 5 n.1 (E.D. Tex. July 16, 2020), ECF No. 291 (citations omitted).

Another decision also found that Google was "not fully candid:"

> **Google's Motion does not appear to offer any evidence regarding the location of its relevant documents or infrastructure**. Google's Motion only provides that Google's headquarters is located in the Northern District of California and describes that 'all or nearly all' of its documents are 'available in' its headquarters or 'are stored on Google's various secure servers, which are accessible and ultimately managed from' its headquarters. The recitations provided by Google create a suggestion of helpful evidence, but, unpacked, Google's Motion provides neither evidence of where its documents are actually located nor evidence that these documents are more available or accessible from the Northern District of California than they would be from the Eastern District of Texas. As to its facilities and infrastructure, Google's Motion simply recites the location of its headquarters but is **essentially silent as to all other Google locations** (e.g. Google's briefing **says nothing of its Dallas location**). A careful examination of Mr. Dubey's declaration makes it **unmistakably clear both that other relevant Google locations exist** and that Mr. Dubey's **declaration was worded to avoid statements as to locations other than Google's headquarters**. This conclusion is confirmed by the Court's review of the briefing on Google's Motion. *__The Court is significantly concerned that Google is not being fully candid with the Court regarding the location of its relevant documents and facilities__*.

*Rockstar Consortium US LP v. Google Inc.*, No. 2:13-CV-893-JRG-RSP, 2014 WL 4748692, at *3 (E.D. Tex. Sept. 23, 2014) (emphasis added). Google thus has a history of hiding information and being less than candid with the court and other litigants.

Given Google's violation of the Court's order, its material misrepresentations in this case, and the resulting prejudice to Plaintiffs in learning about potential party witnesses, third party witnesses, and documents in this District, the Court should discount Defendants' evidence with respect to the following factors in the transfer analysis: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) the local interest in having localized interests decided at home. Indeed, the Court struck a motion to transfer for discovery abuses earlier this week:

> "No less severe remedy will **deter such** repeat **conduct** by [defendant] . . . Thus, **striking** [defendant's] **Motion to Transfer** is the **least severe sanction possible** and is a sanction specifically limited to the issue that the **discovery abuse** concerned."

Order Granting Motion for Sanctions Against Apple, *Arigna Tech. Ltd. v. Samsung Elecs. Co.*, No. 6:21-cv-00943-ADA, at p.6 (W.D. Tex. July 20, 2022), ECF No. 107, at p. 6 (emphasis added).

## II. The Convenience Transfer Factors Weigh Against Transfer

All parties agree that judicial economy, familiarity of the law, and conflict of laws are neutral factors. This response will focus on the remaining factors.

### a. Relative Ease of Access to Sources of Proof Weighs Against Transfer

#### i. Defendants should not be rewarded for hiding proof in this District.

Defendants have not identified a single piece of paper or electronic document in this District, despite being ordered to do so. Ex. B; (see ¶ I(a) above). Defendants' misrepresentation

to the Court concealed third parties in this district who are custodians of relevant documents. Ex. F; (see ¶ I(b) above).

Defendants also rely on a serial declarant (Mr. André Golueke) who "lacks credibility" for the reasons the Court explained in *Scramoge Tech. Ltd. v. Apple Inc.,* No. 6:21-cv-00579-ADA, 2022 WL 1667561, at *1 (W.D. Tex. May 25, 2022); Mtn. at pp. 9-10. Defendants' declarant is a "professionally paid venue witness" who has submitted similar declarations for motions in other cases.[4] *Scramoge*, 2022 WL 1667561 at *3. Mr. Golueke offered information about topics that a legal operations manager could not testify to from personal knowledge. *See Id.* He "supplies declarations on a wide scope of unrelated, technologically complex topics." *Id.* Specifically in this case, "technology for 'selecting an advertising message (including display ads) for inclusion in a requested web page (including YouTube, YouTube Music, and Gmail web pages and apps).'" Dkt. 47-1, Golueke Decl. ¶ 7. Like the declarant in *Scramoge*, Mr. Golueke "purports to state the locations of technical and marketing data stored typically known only to respective custodians of those documents, such as engineers and marketing personnel"; "identifies the names and locations of engineers typically known to human resources personnel or engineering managers"; and "offers expert opinions that certain engineers' work is unrelated to the accused technology in asserted patents." *Scramoge**Error! Bookmark not defined.**,* 2022 WL 1667561 at *3

---

[4] Mr. Golueke has provided declarations in at least the following cases: *Touchstream Techs., Inc. d/b/a Shodogg v. Google, LLC f/k/a Google Inc.*, No. 6-21-cv-00569 (WDTX); *Vocalife LLC v. Google LLC f/k/a Google Inc.*, No. 2-21-cv-00124 (EDTX); *Super Interconnect Techs. LLC v. Google LLC*, No. 2-21-cv-00414 (EDTX); *Super Interconnect Techs. LLC v. Google LLC*, No. 4-21-cv-08706 (NDCA); *Super Interconnect Techs. LLC v. Google LLC f/k/a Google Inc.*, No. 6-21-cv-00259 (WDTX); *Express Mobile, Inc. v. Google LLC*, No. 6-20-cv-00804 (WDTX); *Vedanti Licensing Ltd., LLC v. Google LLC et al*, No. 20-cv-1344 (SDCA); *Vedanti Licensing Ltd., LLC v. Google LLC et al.*, No. 5-21-cv-01643 (NDCA).

Because Defendants' declarant lacks the personal knowledge required for his declarations, he "must rely on his attorneys to selectively spoon feed him information to accomplish what he does." *Id.* Mr. Golueke's Declaration "contains no description of the methodology he used to find all [] engineers who work in WDTX and to then determine their relevance." *Id*. That is because he relied on lawyers. ███████████████████████████████████████████████

███████████████████████████████████████████ Ex. I at 15:6-12 ("█████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████"). █████████████████████████████████████████

████████████████████████████████████████████████ *Scramoge,* 2022 WL 1667561 at *3; *see also* Ex. I at 15:18-22, 16:3-6 ("█████████████████████

████████████████████████████████████████████████████████████████████

█████████████████████████████████████").

The Golueke Declaration "uses language that carefully limits the scope of declared facts to his personal, selectively fed knowledge. . . . [t]hen, his qualified statements are cited" by Defendants in their transfer motion "as though they are authoritative truths." *Scramoge,* 2022 WL 1667561 at *3. For example, Mr. Golueke declares: "█████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████." Dkt. 47-1, Golueke Decl. ¶ 6. Plaintiffs respectfully request that the Court only credit Mr. Golueke's

10

Declaration for its unrebutted statements, as the Court did in *Scramoge*. *Scramoge,* 2022 WL 1667561 at *2.

### ii. Defendants failed to meet their heavy burden.

Defendants have not identified any physical documents in the NDCA. Thus, physical document locations do not favor transfer. *EcoFactor, Inc. v. Google LLC*, No. 6-20-CV-00075-ADA, 2021 WL 1535413, at *2 (W.D. Tex. Apr. 16, 2021) ("Google does not point with particularity to any relevant physical documents, nor does it confirm the existence of any physical documents located in the NDCA.").

As for electronic documents, Defendants' employees can access relevant source code and other electronic documents them from this District. Ex. E at 22:19-23 ("███████████ ███████████ ███████████ ███████"); Ex. J at 20:14-21:24; 23:7-24:23 ("███████████ ███████████ ███████████ ███████████ ███████"); 25:15-25; ████ Tr. at 17:15-19:10 ("███████████ ███████████"); 19:16-20:15; 21:22-22:2; 22:22-23:23; 25:9-21. Google has a $600 million data center in Texas[5] but no data center in California, and Defendants have not indicated that employees use any server in the NDCA. Thus, the location of electronic documents weighs against transfer. *Volkswagen II*, 545 F.3d at 316. Although Defendants have identified electronic document custodians in the NDCA, there are also relevant custodians in this district,

---

[5] Ex. L, https://www.google.com/about/datacenters/locations

11

including third party vendors Ex. F; (see ¶ I(b) above) and Defendants' employees (see next factor). Accordingly, this factor weighs against transfer.

### b. Cost of Attendance for Willing Witnesses Weighs Against Transfer

Defendants have identified employees in the NDCA, but there are also relevant employees who work in Google's Austin office. ▓▓▓▓▓▓▓▓ has knowledge relevant to infringement. He is a software engineer who writes source code related to advertisement bidding in YouTube Ads, including "click-through rate," which is a term in the asserted claims. Ex. M ('175 Patent) at Cl. 3; Ex. N ('298 Patent at Cl. 3; Ex. K at 6:15-21, 7:17-23, 13:9-19 (Q: "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓").

Senior Account Executive ▓▓▓▓▓▓▓▓ has knowledge relevant to damages. He sells Google advertising solutions, including YouTube ads and Gmail ads, to technology companies including ▓▓▓▓▓▓▓▓. Ex. J at 8:5-17; 9:17-21; 15:2-15 (▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓).

▓▓▓▓▓▓▓▓ is a senior engineer with knowledge relevant to infringement and damages. He is familiar with the YouTube customer experience and how YouTube content creators generate revenue. Ex. D at 14:14-17 ("▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓") As another example, ▓▓▓▓▓▓▓▓ is a YouTube Program Manager with knowledge relevant to

infringement and damages because she collaborates "███████████████████████████

███████████████████████████████████████" Ex. O.

Although Defendants' declarant states that there are witnesses in California and Washington, he lacks credibility for the reasons described above in Section ¶ II(a)(i). Accordingly, this factor weighs against transfer.

### c. Compulsory Process Weighs Against Transfer

Defendants should not be rewarded for hiding relevant third party witnesses in this District, and Plaintiffs have identified more than 10 third party vendors who sell ads in this District on behalf of Defendants (see ¶ I(b) above). The Court has the power to secure those witnesses' attendance. Courts in the NDCA, however, do not have that power over relevant vendors with offices only in Texas, such as Springbox. Ex. F. Co-inventor Mr. Basem Nayfeh is not relevant to this factor because he does not reside in the NDCA and is willing to travel to this District for trial. Basem Decl.[6]

In contrast, Defendants have not shown that the NDCA's compulsory process is relevant to anyone except inventor Andrew Chen because he may not be willing to appear. Mot. at 11. More third-party witnesses reside within this District than in the NDCA, so the compulsory process factor weighs against transfer.

### d. Court Congestion Weighs Against Transfer

Defendants assert incorrectly that speed to trial is a neutral factor, based on statistics for all civil cases and speculation that the Court may slow down. Mot. at 11-12. This Court rejected exactly those arguments earlier this month:

> [D]efendants claim that the NDCA has a median time to civil trial of 26.9 months,

---

[6] The Declaration of Basem Nayfeh in Support of Plaintiff's Opposition to Motion Transfer ("Basem Decl.") is filed concurrently with this Opposition.

13

> while W.D. Tex. averages a 23.8-month median time to trial. . . . Defendants rely on general statistics for all civil cases, whereas **focusing on patent cases** yields a different result. . . . **Patent cases in WDTX**, on average, come to trial and are resolved in 25.9 months, which is nearly **20 months faster than NDCA**'s 45.2 months. . . . Despite this Court's **larger patent caseload**, **this Court consistently reached trials faster** than the NDCA.

*Gentex Corp. v. Meta Platforms, Inc.*, No. 6:21-cv-00755-ADA, 2022 WL 2654986, at *9 (W.D. Tex. July 8, 2022) (emphasis added) (citations omitted).

Further, this case has been pending before this Court since 2021, and a transfer would effectively restart the case. This case would go to trial faster in this District, so this factor weighs against transfer. *In re Genentech*, 566 F.3d 1338, 1347 (Fed. Cir. 2009) (congestion factor considers "[t]he speed with which a case can come to trial and be resolved[.]")

### e. Local Interest is Neutral

There is a strong local interest in keeping this case. Google employs over ▬ people in Austin and Plaintiffs plan to call some of them at trial. *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009) (local interest is "strong because the cause of action calls into question the work and reputation of several individuals residing in or near that district and who presumably conduct business in that community"). Although Defendants have a presence in the NDCA and design products there, they also have a significant presence in this District. Further, infringement occurs in this District, which must be given appropriate consideration under Fifth Circuit precedent. *Volkswagen I*, 371 F.3d at 205. Accordingly, this factor is neutral.

**CONCLUSION**

Defendants should not be rewarded for violating this Court's order, misrepresenting facts to the Court, and hiding facts that weigh against transfer. Defendants failed to prove that transfer is warranted, and the relevant factors weigh against transfer. Accordingly, Defendants' motion to transfer should be denied.

14

Dated: July 22, 2022                    /s/ *Robert F. Kramer*

**KRAMER DAY ALBERTI LIM TONKOVICH & BELLOLI LLP**
Robert F. Kramer (*pro hac vice*)
rkramer@kramerday.com
M. Elizabeth Day (*pro hac vice*)
eday@kramerday.com
David Alberti (*pro hac vice*)
dalberti@kramerday.com
Sal Lim (*pro hac vice*)
slim@kramerday.com
Russell Tonkovich (*pro hac vice*)
rtonkovich@kramerday.com
Marc Belloli (*pro hac vice*)
mbelloli@feinday.com
Zachariah A. Higgins (*pro hac vice*)
zhiggins@kramerday.com
Andrew Hamill (*pro hac vice*)
ahamill@kramerday.com
Robert Y. Xie (*pro hac vice)*
rxie@kramerday.com
577 Airport Boulevard, Suite 250
Burlingame, California 94010
Tele: (650) 825-4300/Fax: (650) 460-8443

Deron R Dacus
ddacus@dacusfirm.com
TX Bar No. 00790553
**THE DACUS FIRM, PC**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Tel: 903 705-1117/Fax: 903 581-2543

*Attorneys for* Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system, and if filed under seal, a copy has been served by electronic mail.

Dated: July 22, 2022  /s/ *Robert F. Kramer*
Robert F. Kramer