IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| THE RECEIVERSHIP ESTATE OF §<br>AUDIENCESCIENCE INC. and §<br>REVITALIZATION PARTNERS, L.L.C., §<br>*As General Receiver for the Receivership* §<br>*Estate of AudienceScience Inc.*, §<br> §<br>Plaintiff, §<br> §<br>v. §<br> §<br>GOOGLE LLC and §<br>YOUTUBE, LLC, §<br> §<br>Defendant. §<br> § | CIVIL ACTION NO. 6:21-cv-01209-ADA<br><br>JURY TRIAL DEMANDED |

**REPLY IN SUPPORT OF DEFENDANTS' OPPOSED MOTION
TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(A)**

In a cynical effort to oppose a transfer motion supported by clear and indisputable facts, Plaintiffs attempt to impugn Defendants' and their counsel's integrity. Plaintiffs deploy these tactics because, despite months of investigation and extensive discovery, they can point to ***no facts*** that undermine the conclusion that the balance of conveniences strongly favors transfer of this case. Defendants provided fulsome answers in response to Plaintiffs' discovery requests and the Court's related order, including over 35 pages of interrogatory responses detailing the results of Defendants' investigation and seven depositions—all of which confirmed the absence of likely witnesses or other evidence in this District. And never before filing their Response did Plaintiffs raise any question concerning Defendants' counsel's statements at the parties' discovery hearing. Instead, Plaintiffs waited to levy unsupported and inflammatory allegations in their Response, in the obvious hope that this Court will lump Defendants together with other parties recently sanctioned in totally unrelated lawsuits and simply disregard all the evidence supporting transfer. This Court should reject Plaintiffs' attempted diversion and, based on the record evidence, grant Defendants' motion to transfer for convenience.

### A. The Evidence Overwhelmingly Shows That NDCA Is the More Convenient Forum.

Defendants provided extensive venue-related discovery, including 35 pages of interrogatory responses (which were explored by Plaintiffs and confirmed via meet and confers and related correspondence) and seven depositions of Defendants' employees, including two corporate witnesses in response to Plaintiffs' broad 30(b)(6) notice. Discovery confirmed that (a) Plaintiffs have no relevant witnesses, offices, or other contacts here or elsewhere in Texas (*see* Dkt. 47 ("Mot."); Ex. 20[1] at 5, 6, 8); and (b) Defendants' likely trial witnesses and documents are primarily in the NDCA (*see* Dkt. 47-1 ("P.M. Decl."); Ex. 25 at 4, 8-11, 15-19). Plaintiffs deposed the Google Project Manager ("P.M."), Andre Golueke, who has personal knowledge of Google's document maintenance practices, and who conducted a thorough investigation. Ex. 21 at 11:11-18, 12:1-13:17; *see* P.M. Decl. ¶ 6. ■■■■■■■■■■■■■■■

---

[1] Unless otherwise stated, all exhibits referenced herein are attached to the Declaration of Robert W. Unikel, filed concurrently herewith.

██████████████████████████████████████████████████████

████████████████████████. Ex. 21 at 15:18-16:13. ████████████

████████████████████████████████████ (*id.* at 25:17-24, 28:7-15, 31:21-32:2),

which Plaintiffs do not challenge as inaccurate; and he identified the most knowledgeable people.

*Id.* at 25:17-24, 27:8-17, 27:19-28:5, 28:17-29:1. ████████████████

████████████████████████████████████████████████

████████████████████████████████ *Id.* at 25:17-24, 28:17-29:7; P.M.

Decl., ¶ 8; *see VOIP-Pal.com, Inc. v. Meta Platforms, Inc.*, No. 6:21-cv-00665-ADA, Dkt. 68 (W.D. Tex. May 31, 2022) (finding transfer declaration reliable).

Plaintiffs do not dispute that the employees Mr. Golueke identified are the most relevant, are likely trial witnesses, or that they and their teams are not in Texas. *See generally* Dkt. 76 ("Opp."). And, tellingly, while Plaintiffs question Mr. Golueke's credibility, they chose not to depose *a single one* of the people he identified to test the veracity of his statements or the thoroughness of his investigation. Instead, Plaintiffs quote from a recent opinion denying transfer in a case involving altogether different parties, products, witnesses, and evidence, attempting to criticize Mr. Golueke without any underlying factual showing. *See id.* at 9 (quoting *Scramoge Tech. Ltd. v. Apple Inc.*, No. 6:21-cv-00579-ADA, 2022 WL 1667561 (W.D. Tex. May 25, 2022)).

Additionally, it is undisputed that no known third-party witnesses are located in this District. Named inventor Andrew Chen appears to reside in the Bay Area, and unlike named inventor Basem Nayfeh, Mr. Chen has not expressed a willingness to travel to Waco for trial.[2]

**B. Plaintiffs Have Not Rebutted That the NDCA Is the More Convenient Forum.**

Plaintiffs list a handful of Google employees in Texas that Plaintiffs identified via LinkedIn and subsequently deposed. But, Plaintiffs never claim that any are *likely* trial witnesses, which is the relevant inquiry. *See, e.g.*, *In re Netflix, Inc.*, No. 2022-110, 2022 WL 167470, at *4 (Fed. Cir. Jan. 19, 2022) (non-precedential). This is because the evidence establishes that they have little, if

---

[2] Plaintiffs also ignore the possibility of the WDWA as an alternative forum, where several patent prosecuting attorneys and Basem Nayfeh reside. Opp. at 13; Mot. at 11, 14-15.

any, relevant knowledge. For example, Plaintiffs ignore ▮▮▮▮ deposition testimony, ▮▮▮▮. Ex. 22 at 24:6-25. Similarly, Plaintiffs assert that ▮▮▮▮ is familiar with the YouTube customer experience and how YouTube content creators generate revenue (Opp. at 12), but he testified to ▮▮▮▮ Ex. 23 at 13:21-16:1, 26:13-16, 29:24-30:8. As for ▮▮▮▮, the deposition testimony shows that ▮▮▮▮. Ex. 24 at 10:19-22, 30:16-31:5. Moreover, ▮▮▮▮. *Id*. at 26:2-8, 14:13-16:6; Ex. 25 at 5, 9. Lastly, Plaintiffs suggest that ▮▮▮▮ directly sells YouTube Ads and Gmail Ads (Opp. at 12), when, in fact, ▮▮▮▮ Ex. 26 at 15:2-15.

Next, Plaintiffs point to "third party vendors," who Plaintiffs assert "sell ads in the District on behalf of Defendants." Opp. at 13. But Plaintiffs do not identify their relevance or contend they (or their representatives) are likely trial witnesses, because they are not. *See, e.g.*, *In re Netflix, Inc.*, 2022 WL 167470, at *4. In fact, Plaintiffs took no discovery from or about them.[3]

Plaintiffs also suggest that the location of electronic documents weighs against transfer. Opp. at 11. But the ▮▮▮▮ Ex. 22 at 21:14-23:7; Ex. 24 at 18:20-19:5, 19:16-20:20, 23:2-25:8; Ex. 27 at 23:4-24:20; *see also VoIP-Pal.com, Inc.*, Dkt. 68 at 7 (noting failure to "show[] that there are any custodians in Texas who can access

---

[3] Notably, Plaintiffs did not identify any of these "vendors" in response to Defendants' related interrogatory (Ex. 20 at 7), Nor did Plaintiffs identify these "vendors" at the discovery hearing, raise them in any meet and confer discussion, or inquire about them in any deposition. Plaintiffs' newfound reliance on these "vendors" in their Response is therefore disingenuous at best.

the relevant financial and marketing documents just as easily as the Defendants' custodians in the NDCA").The same is true of Plaintiffs' reference to a data center in the NDTX. *Id.*

Plaintiffs finally fail to show that the public interest factors weigh against transfer. They illogically argue that the ▮▮▮ employees in Defendants' Austin office give rise to a local interest that is equivalent to that of the NDCA, *where Google has over* ▮▮▮ *employees*—notwithstanding that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Ex. 25 at 4-5. Plaintiffs also erroneously assert court congestion weighs against transfer when median times to trial are roughly the same in NDCA, WDTX, and WDWA: 26.4, 23.9, and 21.8 months, respectively. This factor is therefore neutral. *See In re Juniper Networks, Inc.*, 14 F.4th 1313, 1322 (Fed. Cir. 2021) (noting no significant difference in time-to-trial statistics between NDCA and WDTX and impropriety of assessing factor based on aggressive scheduling order and trial date); *see also In re Quest Diagnostics Inc.*, No. 2021-193, 2021 WL 5230757, at *3 (Fed. Cir. Nov. 10, 2021) (finding lack of appreciable difference in overall docket congestion, not just patent cases, was proper consideration and rendered factor neutral) (non-precedential).

### C. Plaintiffs Improperly Attack Defendants and Their Counsel.

#### 1. Defendants Complied With the Court's Venue Discovery Order.

Plaintiffs claim that Defendants improperly limited their response to Interrogatory No. 3 by using the language "accused functionalities *in* the accused products" and "accused functionality *of the* accused products in Texas." Opp. at 3-4. **Plaintiffs know that accusation is baseless** because, when Plaintiffs raised this concern in discovery, *Defendants confirmed on three separate occasions* that they did not withhold information based on a distinction between accused products and accused functionalities. Exs. 28-29. But to the extent that Plaintiffs now contend that any documents about Gmail or YouTube, regardless of their relevance to the patent allegations, had to be identified in venue discovery, that is untenable.

Plaintiffs also express incredulity that Defendants identified no documents in Texas that touch on the Accused Products or Functionalities. But this is not surprising because the

corresponding teams indisputably are not in this District. Ex. 24 at 31:7-21; Ex. 23 at 17:15-24, 18:1-11; Ex. 27 at 18:11-19:7; Ex. 22 at 15:20-16:3; Ex. 26 at 33:19-34:12. Moreover, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. 27 at 19:8-20:12; Ex. 24 at 19:16-20:20, 21:12-21; Ex. 23 at 19:22-23, 23:4-7, 23:19-24:10; Ex. 26 at 19:19-20:2, 23:7-12.[4]

### 2. Defendants Made No Misrepresentations to the Court About Vendors.

Plaintiffs also improperly accuse Defendants' counsel of making misrepresentations to the Court about Interrogatory No. 2. In so doing, Plaintiffs ignore Judge Gilliland's question about Defendants' investigation into "vendors who worked with Google *to create the platform*," and *not* users. Ex. 30 at 32:7-13 (emphasis added); *see also id.* at 33:5-14. Defendants' counsel truthfully answered that no product development was outsourced. *Id.* at 32:14-21.

Plaintiffs imply—without basis and for the first time—that Defendants' counsel should have identified certain "Google Partners"; however, Plaintiffs do not contend that these Partners "worked with Google *to create the platform*." To the contrary, Plaintiffs' exhibits suggest that the Partners are hired by advertisers to assist with things like analytics and marketing strategies. (Opp., Ex. F at 2, 13.) As such, the Partners are third parties assisting users, and the Court made clear that users were beyond the scope of the interrogatory. Ex. 30 at 32:22-33:18.[5]

### D. Conclusion

For the reasons stated herein and in Defendants' opening brief, as well as the supporting evidence, Defendants respectfully request transfer to the NDCA or WDWA pursuant to § 1404.

---

[4] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Opp. at 4; Ex. 23 at 23:11-18. Similarly, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. 22 at 23:15-24:5.

[5] Failing to show any impropriety on Defendants' part in *this case*, Plaintiffs attempt to deflect and confuse the Court by pointing to two prior, unrelated cases, and claiming Defendants have a "history of venue discovery abuse." Opp. at 6-8. These cases—one of which is nearly a decade old—have no bearing on Defendants' conduct here and should be ignored.

DATED:  August 5, 2022                         Respectfully Submitted,

/s/ *Robert W. Unikel*
Robert W. Unikel (*Pro Hac Vice*)
robertunikel@paulhastings.com
John A. Cotiguala (*Pro Hac Vice*)
johncotiguala@paulhastings.com
Daniel J. Blake (*Pro Hac Vice*)
danielblake@paulhastings.com
PAUL HASTINGS LLP
71 South Wacker Drive, Suite 4500
Chicago, IL 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100

Robert R. Laurenzi (*Pro Hac Vice*)
robertlaurenzi@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

Matthias A. Kamber
matthiaskamber@paulhastings.com
Kelsey McQuilkin (*Pro Hac Vice*)
kelseymcquilkin@paulhastings.com
PAUL HASTINGS LLP
101 California Street, Forty-Eighth Floor
San Francisco, CA 94111
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Raymond W. Stockstill (*Pro Hac Vice*)
beaustockstill@paulhastings.com
PAUL HASTINGS LLP
695 Town Center Drive, Seventeenth Floor
Costa Mesa, CA 92626
Telephone: (714) 668-6200
Facsimile: (714) 979-1921

Paige Arnette Amstutz
State Bar No.: 00796136
pamstutz@scottdoug.com
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400

Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399

*Counsel for Defendants Google LLC
and YouTube, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of August, 2022, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system and by email.

*/s/ Robert W. Unikel*
Robert W. Unikel